# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randy Confair, | COMPLAINT |
| Plaintiff, | |
| v. | Case No. _____ |
| Charles P. and Margaret E. Polk Foundation, | **JURY TRIAL DEMANDED** |
| Defendant. | *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff Randy Confair (referred to herein as "Mr. Confair" or "Plaintiff") for his Complaint against the Charles P. and Margaret E. Polk Foundation (referred to herein as "The Polk Foundation" or "Defendant"), states as follows:

### Parties, Jurisdiction, and Venue

1. Mr. Confair resides in Millersburg, Pennsylvania and previously worked as a Maintenance Man for The Polk Foundation at their facilities in Millersburg, Dauphin County, Pennsylvania. Mr. Confair is a citizen of the Commonwealth of Pennsylvania. Mr. Confair was, at all material times, a covered, non-exempt employee of The Polk Foundation within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203(e) and (g).

2. The Polk Foundation is a Pennsylvania based non-profit corporation, which operates Polk Personal Care Center, an assisted living facility, a medical

1

center, and other related facilities. The Polk Foundation has a registered business address of 129 Market St Millersburg, Dauphin County, Pennsylvania 17061, and maintains primary business operations at 301 North Street, Millersburg, Dauphin County, Pennsylvania, as well as other business operations in Millersburg, Pennsylvania.

3. At all material times, The Polk Foundation has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.2a, and Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.103(g).

4. At all material times, The Polk Foundation has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

5. At all material times, The Polk Foundation has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

6. At all material times, Plaintiff was an employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

7. At all material times, Plaintiff was an employee as defined by the PMWA, 43 P.S. § 333.103(h).

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Subject matter

jurisdiction over Plaintiff's FLSA claims arise under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. The PWPCL and the PMWA each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

10. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because The Polk Foundation does business in this district, operates business facilities in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

**Factual Allegations**

11. Plaintiff was employed as a Maintenance Man by The Polk Foundation from approximately 1984 until his termination on or about April 7, 2017.

12. Throughout the course of his employment, and specifically in the three (3) year period preceding this action, Plaintiff was required and/or permitted to work in excess of forty (40) hours per workweek, but was not properly compensated at one and a half times his regular hourly rate for all hours worked over forty (40) hours in a given workweek.

13. Plaintiff maintained detailed records of his hours worked which were submitted to The Polk Foundation regularly as a basis for his compensation.

14. Plaintiff worked in excess of forty (40) hours per workweek in many of the workweeks within the three (3) year period preceding this action.

15. The FLSA requires employers to compensate employees at a rate not less than one and one-half (1 ½) times the regular rate for any work in excess of forty (40) hours per week. 29 U.S.C. § 207.

16. Plaintiff complained on numerous occasions to management at The Polk Foundation about not being properly compensated for his overtime hours.

17. Following his most recent complaint, Plaintiff was told that he was "opening a can of worms" by complaining.

18. Shortly thereafter, Plaintiff was terminated by The Polk Foundation effective April 7, 2017, which was communicated by letter dated April 5, 2017.

19. The FLSA prohibits employers from discharging employees in retaliation for making a complaint of FLSA violations. 29 U.S.C.A. § 215

20. Plaintiff's termination in retaliation for complaining about The Polk Foundation's failure to properly compensate him for his overtime work, as evidenced by the comment that Plaintiff was "opening a can of worms" by complaining, was a violation of the FLSA's anti-retaliation provision.

21. The Polk Foundation's deliberate failure to pay Plaintiff overtime compensation violates the FLSA, PWPCL, and the PMWA.

# COUNT I

## Violations of the Fair Labor Standards Act

22. Mr. Confair incorporates herein the allegations set forth above.

23. At all times material herein, Mr. Confair was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

24. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

25. The Polk Foundation is subject to the overtime pay requirements of the FLSA.

26. The Polk Foundation violated the FLSA by willfully failing to pay for overtime.

27. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Mr. Confair.

28. Mr. Confair is entitled to damages incurred within the three (3) years preceding the filing of the Complaint because The Polk Foundation acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

29. The Polk Foundation has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Confair is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find The Polk Foundation did not act willfully in failing to pay overtime pay, Mr. Confair is entitled to an award of prejudgment interest at the applicable legal rate.

30. The Polk Foundation further violated the FLSA by retaliating against Mr. Confair by terminating his employment in response to Mr. Confair's complaint to management about not being properly compensate or his overtime hours.

31. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by The Polk Foundation from Mr. Confair. Accordingly, The Polk Foundation is liable under 29 U.S.C. § 216(b) for Mr. Confair's withheld overtime pay, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

32. As a result of Mr. Confair's wrongful termination in violation of the FLSA, The Polk Foundation is liable under 29 U.S.C. § 216(b) for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement,

promotion, and the payment of wages lost and an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, and costs of this action.

## **COUNT II**

**Violation of the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act**

33. Mr. Confair incorporates herein the allegations set forth above.

34. At all times material herein, Mr. Confair was entitled to the rights, protections, and benefits provided under the PWPCL and the PMWA.

35. The PWPCL and the PMWA regulate, among other things, the payment of overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty (40) hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

36. The Polk Foundation is subject to the minimum wage and overtime pay requirements of the PWPCL and the PMWA, because it is an "Employer" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

37. The Polk Foundation violated the PWPCL and the PMWA by failing to properly pay Plaintiff for his overtime hours.

38. 43 P.S. § 333.105 exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the exemptions apply to Mr. Confair.

39. Mr. Confair is entitled to special damages in the form of "liquidated damages" as set forth by statute because The Polk Foundation acted willfully and did not act in good faith in its violation of the Pennsylvania wage and hour laws.

40. Alternatively, should the Court find The Polk Foundation acted in good faith, Mr. Confair is entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the PWPCL and the PMWA, compensation has been unlawfully withheld by The Polk Foundation from Mr. Confair.

WHEREFORE, Plaintiff, Randy Confair, on behalf of himself and all others similarly situated, demands judgment against Defendant, Charles P. and Margaret E. Polk Foundation, for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorney fees and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Mr. Confair hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**MCCARTHY WEISBERG CUMMINGS, P.C.**

/s/ Derrek W. Cummings
Derrek W. Cummings (PA 83286)
dcummings@mwcfirm.com

Larry A. Weisberg (PA 83410)
lweisberg@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*