IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDY CONFAIR** | : | Civil No. 1:17-CV-0674 |
| Plaintiff, | : | |
| v. | : | |
| **CHARLES P. AND MARGARET E. POLK FOUNDATION** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court is a joint motion to approve a settlement agreement. (Doc. 27.) For the reasons that follow, the motion will be granted.

### I. Background

On April 4, 2017, Plaintiff Randy Confair commenced this action against Defendant Charles P. and Margaret E. Polk Foundation asserting violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.2a, and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.103g ("Labor Law"). (Doc. 1.) The complaint alleges that Defendant violated the FLSA and the Labor Law by failing to pay overtime compensation and was terminated in retaliation for complaining about the failure to compensate for overtime work. (*Id.*) On January 18, 2018, the parties filed a joint motion to a approve settlement agreement (Doc. 27), with the agreement itself filed under seal (Doc. 28). Under the settlement

agreement, Defendant has agreed to make two payments to Plaintiff totaling a sum of $40,000.00 in exchange for Plaintiff's release of Defendant from liability for any and all legally waivable claims, demands, or actions he may have against Defendant of any kind. (Doc. 28, ¶¶ 2-3.) The settlement agreement further provides that Plaintiff sought the advice of counsel prior to signing the agreement, that he "has carefully read and fully understands all the provisions of [the] Agreement," and that he "is entering into [the] agreement knowingly, voluntarily, and with full knowledge of its significance." (*Id.* ¶ 11.) The parties concur that the settlement agreement is a settlement "of a bona fide dispute" and will "fully compensate [Plaintiff] for any amounts which he claims may be due [to] him." (*Id.* ¶ 2.)

## II. <u>Legal Standard</u>

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981). To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, Civ. No. 13-cv-2030, 2015 WL 279754, *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*,

679 F.2d 1350, 1354 (11th Cir. 1982)). While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Id.*; *see also McGee v. Ann's Choice*, Civ. No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, Civ. No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017). Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.* If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754 at *4 (citing *Altenbach v. Lube Ctr.*, Civ. No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

**III.    Discussion**

The court first addresses whether the settlement agreement resolves a bona fide dispute between the parties. If the agreement reflects a reasonable compromise of the issues in this suit, the court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. Here, the terms of the agreement itself (Doc. 28), as well as Plaintiff's complaint (Doc. 1) and Defendant's answer (Doc. 18), demonstrate that a bona fide dispute exists regarding whether Plaintiff worked overtime, was entitled to overtime compensation, and was fired for complaining about the lack of overtime compensation. For example, Plaintiff alleges that he worked in excess of forty hours per week without appropriate overtime compensation, complained to supervisors about not being compensated for overtime hours, and was terminated in retaliation for complaining. (Doc. 1, ¶¶ 12-20.) Defendant denies that Plaintiff worked over forty hours per week and avers that Plaintiff was simultaneously employed as a full-time employee by another employer. (Doc. 18, ¶¶ 12-14.) Further, Defendant asserts that it terminated Plaintiff's employment for legitimate business reasons. (*Id.* ¶ 18.) As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties. *See Joseph v. Caesar's Entm't Corp.*, Civ. No. 10-cv-6293, 2012 WL 12898816, *2 (D.N.J. July 23, 2012).

Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Plaintiff. Plaintiff has been represented by counsel throughout this litigation, has sought the advice of counsel prior to entering into the settlement agreement, and has knowingly and voluntarily entered into the agreement with full knowledge of its significance. (*See* Doc. 28.) Furthermore, Plaintiff is being compensated for an amount that he claims may be due to him in connection with his employment with Defendant and this agreement is the byproduct of arms' length negotiations between two represented parties. (*Id.* ¶¶ 2-3.)

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA. Paragraph 9 of the agreement contains a confidentiality provision. (Doc. 28, ¶ 9.) "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Diclemente v. Adams Outdoor Advert., Inc.*, Civ. No. 15-cv-0596, 2016 WL 3654462, *4 (M.D. Pa. July 8, 2016). However, confidentiality provisions that are narrowly tailored and do not contain any sanctions may be permissible. *Id.* In this matter, the confidentiality provision permits Plaintiff to disclose the contents of the settlement agreement to his "parents, spouse or domestic partner and adult children, attorney(s) and financial advisor(s)." Further, the provision does not contain any sanctions against Plaintiff and does not permit Defendant to retaliate against Plaintiff if he violates

the confidentiality provision. Accordingly, neither the confidentiality provision, nor the settlement agreement as a whole, frustrate the implementation of the FLSA. *See id.*

## III. <u>Conclusion</u>

For the reasons stated herein, the joint motion to approve a settlement agreement (Doc. 27) is **GRANTED**. An appropriate order will issue.

s/Sylvia Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: May 7, 2018